UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOHN CORTEZ LAMB,

    Defendant.

_____/

Case No. 16-20386

Hon. John Corbett O'Meara

## OPINION AND ORDER DENYING
## DEFENDANT'S MOTION TO SUPPRESS

Before the court is Defendant's motion to suppress evidence. The court heard oral argument on December 1, 2016, and took the matter under advisement. For the reasons explained below, Defendant's motion is denied.

## BACKGROUND FACTS

Defendant John Cortez Lamb is charged with two counts of felon in possession of a firearm and one count of illegally possessing ammunition. See 18 U.S. C. § 922(g)(1). These charges arose from a Detroit Police investigation of a murder and attempted murder in October 2015. During the course of the investigation, Detroit police officers linked Rufus Thomas to both shootings. He was associated with both vehicles that were identified as used by the shooters. On October 29, 2015, Thomas was arrested in a stolen Chevy Trail Blazer that was the

same as the vehicle seen following the murder victim shortly before the shooting.

A search of Thomas's phone from his arrest showed that on October 4, 2015, Thomas sent a text to Defendant's Lamb's phone, which stated: "Need to use that M4 [firearm] bro, Ima just pull up on them.  Shit to structured to talk to them in front of the place."  An "M4" is an assault rifle capable of shooting .223 caliber ammunition, one of the types that was recovered at the scene of the murder. (.357 caliber and .40 caliber shell casings were also recovered at the scenes of the shootings.)

On October 17, 2015, and December 19, 2015, Thomas posted images on his Facebook page that showed him in possession of an AK-47, which is capable of firing .223 caliber ammunition and a semi-automatic handgun that appears to be capable of firing .357 sig ammunition.  On January 3, 2016, Thomas posted a photo on Instagram showing a similar semi-automatic handgun.

On January 3, 2016, Defendant John Lamb, Rufus Thomas, and Joseph Lamb were detained together near 12201 Morang, Detroit, after one of them dropped a .40 caliber Glock handgun.  According to Secretary of State records, John Lamb changed his address to 5444 Holcomb, Detroit, on January 6, 2016. Other residents registered to that address were Joseph Lamb, Mikieta Lamb, Charlene Lamb, Charles Lamb, and Tina Lamb.

A search warrant was obtained for the location data on Thomas's cell phone on January 25, 2016. On January 29, 2016, state police received location data showing that Thomas's cell phone on Holcomb, in the vicinity of 5444 Holcomb.

Based upon the belief that Defendant Lamb aided Thomas by providing firearms for the murder, Detroit Police sought a search warrant for 5444 Holcomb on February 2, 2016. The affiant noted the connections between Defendant Lamb and Thomas and stated that, based upon his training and experience, "firearms, unlike narcotics or cash, are kept for a longer period of time . . . [and] are often kept hidden for ease of access in places frequented or friendly to the illegal possessor."

The warrant was executed at 5444 Holcomb on February 3, 2016, and resulted in the recovery of firearms, firearm accessories, a bullet resistant vest, and electronic devices, including a ZTE cell phone. A search of the ZTE cell phone revealed images taken on October 10, 2015, of Defendant Lamb in possession of the firearms found at 5444 Holcomb on February 3, 2016.

Following up on this information, federal agents obtained and executed a search warrant at 3919 17th Street, Detroit. The officers also had a warrant to arrest Defendant Lamb. During the search, officers recovered a Ruger P95 handgun with a defaced serial number and controlled substances.

Defendant contends that there was insufficient probable cause for both search warrants and that the information in the warrant affidavits was stale. Defendant seeks to suppress the evidence seized at both 5444 Holcomb and 3919 17th Street.

## LAW AND ANALYSIS

The issuance of a search warrant requires probable cause. U.S. Const. Amend. IV. Probable cause exists when there is "'a fair probability,' given the totality of the circumstances, that contraband or evidence of a crime will be found in a particular place." United States v. Davidson, 936 F.2d 856, 859 (6th Cir. 1991) (citation omitted). "The standard of review for the sufficiency of an affidavit is whether the magistrate had a substantial basis for finding that the affidavit established probable cause to believe that the evidence would be found at the place cited." United States v. Greene, 250 F.3d 471, 478 (6th Cir. 2001) (citation omitted). The magistrate's determination of probable cause is afforded great deference, and that determination should only be set aside if the magistrate arbitrarily exercised his discretion. Id.

"As a preliminary matter, stale information cannot be used in a probable cause determination." United States v. Frechette, 583 F.3d 374, 377 (6th Cir. 2009). "The staleness inquiry depends on the 'inherent nature of the crime.'" Id. (citation

omitted).

The court considers the following factors when determining whether information is stale:

> (1) the character of the crime (chance encounter in the night or regenerating conspiracy?),
> (2) the criminal (nomadic or entrenched?),
> (3) the thing to be seized (perishable and easily transferable or of enduring utility to its holder?), and
> (4) the place to be searched (mere criminal forum of convenience or secure operational base?).

Id.

Keeping in mind the standard of review, there was sufficient probable cause supporting the warrant request for 5444 Holcomb. Evidence linked Rufus Thomas and Defendant Lamb to each other, two shootings in October 2015, the types of firearms that were used in the shootings, and the 5444 Holcomb address. A text message from Thomas to Lamb referenced a weapon that could have been used in the shootings ("Need to use that M4 bro"). Thomas posted photos of firearms in December 2015 and January 2016, indicating his continuing access to them. Given the connection between Thomas and Lamb, and Lamb and Thomas's presence at 5444 Holcomb, there was sufficient probable cause to search 5444 Holcomb for firearms and other evidence connected to the shootings. Additionally, photos of Lamb in possession of a firearm were found on a cell phone, providing probable

cause for federal agents to arrest Lamb, a convicted felon.

Even if the warrants were not supported by probable cause, the evidence obtained need not be suppressed when it was "'seized in reasonable, good-faith reliance on a search warrant that is subsequently held to be defective.'" United States v. Hython, 443 F.3d 480, 484 (6th Cir. 2006) (quoting United States v. Leon, 468 U.S. 897 (1984)).  As the Supreme Court has emphasized: "To trigger the exclusionary rule, police conduct must be sufficiently deliberate that exclusion can meaningfully deter it, and sufficiently culpable that such deterrence is worth the price paid by the justice system.  As laid out in our cases, the exclusionary rule serves to deter deliberate, reckless, or grossly negligent conduct, or in some circumstances recurring or systemic negligence." Herring v. United States, 555 U.S. 135, 144 (2009).  Exclusion of evidence obtained in violation of the Fourth Amendment "has always been our last resort, not our first impulse." Id. at 140 (citation omitted).

Here, law enforcement did not engage in sufficiently culpable conduct so as to require exclusion of the evidence obtained.  Officers obtained two search warrants, which did not contain false information, were not "bare bones," and were not so facially deficient as to render the officers' reliance upon them unreasonable. See Hython, 443 F.3d at 484 (outlining situations in which good faith exception

does not apply). Moreover, the federal agents who executed the second search warrant had no reason to believe that the evidence they relied upon (i.e. the cell phone photos) was obtained in violation of the Fourth Amendment. See United States v. McClain, 444 F.3d 556 (6th Cir. 2006) (finding the good faith exception to the exclusionary rule to apply when affidavit supporting search warrant was tainted by evidence obtained in violation of the Fourth Amendment). Therefore, even if the search warrants were not sufficiently supported by probable cause, the court finds the good faith exception to the exclusionary rule to apply.

## ORDER

IT IS HEREBY ORDERED that Defendant's October 7, 2016 motion to suppress is DENIED.

                                                    s/John Corbett O'Meara
                                                    United States District Judge

Date: December 6, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, December 6, 2016, using the ECF system.

                                                    s/William Barkholz
                                                    Case Manager